THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| COANHE, LTD.<br><br>Plaintiff,<br><br>v.<br><br>VIVA 5 GROUP, LLC d/b/a Risque and GROWVE GO, LLC d/b/a Risque<br><br>Defendants. | Civil Action No: 8:24-cv-00355<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Coanhe, Ltd. ("Coanhe" or "Plaintiff"), by and through its undersigned counsel, files this Complaint against Defendants Viva 5 Group, LLC ("Viva 5") and Growve Go, LLC ("Growve") (collectively, "Defendants"), and, in support thereof, allege as follows:

**THE PARTIES**

1.  Plaintiff Coanhe, Ltd. is a South Carolina corporation with a principal place of business at 43 Gadsden Street, Charleston, South Carolina 29401.

2.  Upon information and belief, Defendant Viva 5 Group, LLC is a limited liability corporation organized and existing under the laws of the State of Florida with its principal office at 239 2nd Avenue South, 2nd Floor, St. Petersburg, FL 33701. Defendant Viva 5 Group, LLC may be served with process through its registered agent Corporate Creations Network Inc. at 801 US Highway 1, North Palm Beach, FL 33408, or as otherwise authorized under applicable law.

1

Upon information and belief, Viva 5 Group, LLC is doing business as "Risqué."

3. Upon information and belief, Defendant Growve Go, LLC is a limited liability corporation organized and existing under the laws of the State of Florida with its principal offices at 239 2nd Avenue South, 2nd Floor, St. Petersburg, FL 33701. Defendant Growve Go, LLC may be served with process through its registered agent Corporate Creations Network Inc. at 801 US Highway 1, North Palm Beach, FL 33408. Upon information and belief, Growve Go, LLC is doing business as "Risqué."

## JURISDICTION AND VENUE

4. This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendants because, *inter alia*, Defendants are organized and exist under the laws of the State of Florida and because Defendants actively and regularly conduct business within the State of Florida and within this District and each have and maintain a continuous, systematic, and substantial presence within this District. Further, upon information and belief, each of Defendants' infringement of Plaintiff's patent is occurring within the State of Florida and this District through Defendants' importation,

manufacture, offer for sale, distribution, and/or sale of the "Risqué Camel Toe Concealer Cover" (hereinafter referred to as the "Accused Product" or the "Risqué Cover") within the State of Florida and this District and through Defendants' sales of or offers to sell the Accused Product in the State of Florida and in this District.

7. Venue as to Defendants is thus proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## FACTS

### A. Coanhe, Ltd. and the Nōshō Below® Brand

8. Ms. Corbin Henderson, an entrepreneur, recognized the frequent and long-standing problems experienced by countless women related to undesirable bunching in certain clothing styles. Despite many efforts of others, Ms. Henderson was aware that no other commercially-successful product had been created to solve this common problem. Ms. Henderson envisioned a novel and revolutionary solution and worked independently for over two years creating the perfect design for the ideal anatomy-concealing garment insert.

9. In 2016, Ms. Henderson began developing the idea and experimenting with sizes and materials through at home shaping from sheets of silicone. She then tested samples in different sizes and styles of undergarments, including varying thicknesses, materials and shore of silicone, widths, lengths, shapes of curves, and amount of degree of curvature along the linear plane (concavity). Research was

then performed to determine which of the various shapes and styles would achieve the desired function while also providing a pleasing and complementary ornamental appearance. During this process, Ms. Henderson discarded some potential designs that lacked the appropriate ornamental appearance, in order to avoid unwanted visual disruptions.

10. The solution that Ms. Henderson ultimately created has an organic ornamental shape and accomplishes a visually-pleasing aspect that echoes many of the natural curvatures and surfaces of the human body for which it is designed. Some of the ornamental aspects of Ms. Henderson's invention are depicted by way of example below:



11. To help commercialize her invention, Ms. Henderson founded Plaintiff Coanhe, Ltd. in 2019 and formally launched its Nōshō Below® brand in

March 2020. Coanhe promotes the Nōshō Below® brand and sells and distributes the Nōshō Below® anatomy-concealing garment insert products.

12. The invention embodied by Plaintiff's Nōshō Below® anatomy-concealing garment insert quickly attained significant initial commercial success. Plaintiff developed additional business capacity and complementary product variations to meet the increasing commercial demand. Based on the commercial success of Plaintiff's Nōshō Below® anatomy-concealing garment insert, the distribution and sales of Coanhe's products have increased year over year, for each year since introduction, and upon information and belief will continue to increase but for the conduct of Defendants as described herein.

13. Today, Plaintiff's Nōshō Below® anatomy concealer product is used and sold throughout the United States, including through Plaintiff's website, www.noshobelow.com and Amazon.com, available at https://www.amazon.com/NOSHO-Original-Concealer-Reusable-Invisible/dp/B085QPHWRB/.

14. As a result of the commercial success and Plaintiff's promotion and sales efforts, Plaintiff's Nōshō Below® anatomy concealer product has gained widespread recognition for its superior design and high quality.

B.   **The Patent-in-Suit**

15. Ms. Henderson also set out from the beginning to protect her design and intellectual property. Coanhe makes every attempt to protect its intellectual

property rights, to protect its reputation, and to protect its customers from confusion in the marketplace. To that end, on September 25, 2019, Application No. 29/707,066 was filed to protect the novel ornamental design aspects of Plaintiff's invention.

16. In recognition of the novelty of Plaintiff's design, U.S. Patent No. D894,529 (the "'529 Patent" or the "Patent-in-Suit"), entitled "FLEXIBLE GARMENT INSERT," was duly and legally issued on September 1, 2020 to Corbin Anne Henderson. A true and correct copy of the '529 Patent is attached hereto as Exhibit A. On March 22, 2022, all right title and interest in and to the '529 Patent was assigned to Plaintiff Coanhe, Ltd.

17. Plaintiff owns all right, title, and interest in and to the '529 Patent, and maintains the exclusive rights under the Patent Laws to practice the invention disclosed therein.

18. The scope of Plaintiff's innovations did not end with the Patent-in-Suit. Plaintiff also has pending utility patent application(s) with the U.S. Patent and Trademark Office, including Application No. 17/662,103 which is directed to the functional and non-ornamental aspects of Plaintiff's Nōshō Below® anatomy-concealing garment insert.

19. Since 2021 Plaintiff has had made, distributed, offered for sale, and sold products, including Nōshō Below®, that incorporate Coanhe's intellectual

property, including the embodiment of the invention that is claimed in the '529 Patent.

20. Coanhe has marked the covered products in accordance with 35 U.S.C. § 287.

C. **Defendants' Unlawful Activities**

21. Based on the popularity of Plaintiff's anatomy-concealing garment insert design, and as a result of the overwhelming commercial success and demand from consumers, Plaintiff's anatomy-concealing garment insert design was quickly copied by others. As a result, in addition to managing and growing her small business, Plaintiff has been forced to undertake legal efforts, including litigation, to eliminate this unlawful copying.

22. On information and belief, Defendants are engaged in making, using, offering for sale, selling, and importing through established streams of commerce through the United States, including to customers and potential customers in the State of Florida and in this District, infringing concealment garment inserts, which are being sold through or by Viva 5 and Growve, and/or through and by both Viva 5 and Growve together, acting in concert.

23. On information and belief, Defendants recognized the extensive success and popularity of the Nōshō Below® anatomy concealer product, and Defendants sought to copy Plaintiff's innovations and ornamental designs, in order

to mimic the commercial embodiment sold by Plaintiff and in an effort to compete with Plaintiff.

24. The Accused Product is a nearly identical copy of Nōshō Below®, as shown in the following side-by-side comparisons:



| Plaintiff's NOSHO BELOW® Product: | Defendants' Accused Product: |
|---|---|

25. Defendants unlawfully copied Plaintiff's innovations and novel design in an effort to improperly compete with Plaintiff. Defendants have, upon information and belief, imported, manufactured, distributed, sold, or offered to sell the Accused Product in the United States, including within the State of Florida and within this District.

26. In order to promote their competing product, Defendants describe and provide photos of the Accused Product on their "Risqué Couture" Shopify website, hosted at the domain name www.risquecouture.com. A copy of the Defendants'

8

website advertising the Accused Product (as accessed on January 29, 2024) is attached hereto and incorporated herein by reference as Exhibit B.

27. Upon information and belief, Defendants began selling the Accused Product on www.Target.com in early to mid-2023. The Target.com website discloses that the Accused Product is "[s]old and shipped by Growve." *See* Exhibit C. The Target.com website also discloses that Growve is a "Target Plus™ Partner," and further indicates that Growve has a "Legal Business Name" of "Viva 5 Group, LLC." *See* Exhibits D and E.

28. Upon information and belief, Defendants also use a "Risqué Couture" Facebook page to promote and sell their products, including the Accused Product, and Defendants advertise, expose for sale, offer for sale, and sell the Accused Product on the "Risqué Couture" Facebook page through use of the account facebook.com/tryrisque. *See* Exhibit F.

29. Upon information and belief, Defendants advertise and expose for sale the Accused Product on their "Risqué Couture" Instagram page. *See* Exhibit G. Defendants use the account instagram.com/tryrisque in order to commercially promote and commercially expose for sale and sell the Accused Product.

30. Upon information and belief, Defendants advertise and expose for sale the Accused Product on their "Risqué Couture" TikTok page. *See* Exhibit H.

Defendants use the account tiktok.com/@tryrisque in order to promote, offer for sale, and sell the Accused Product.

33. Upon information and belief, Defendants also use additional domain names and websites in connection with the advertisement and sale of the Accused Product, including but not limited to Risquecouture.com and shop.growve.com/collections/risque.[1]

### D. Defendants' Willful and Knowing Infringement of the '529 Patent

32. Upon information and belief Defendants received actual notice of the '529 Patent, Plaintiff's rights thereto, and Defendants' alleged infringement thereof on or around May 2022 when a prior version of the Accused Product was removed from Amazon.com as a result of a takedown request submitted by Plaintiff.

33. Despite this knowledge and Amazon's removal of the prior version of the Accused Product at Plaintiff's request, Plaintiff discovered in mid-2023 that Defendants had resumed their sales of the Accused Product by listing the product for sale at www.target.com and http://www.risquecouture.com, as discussed above. Until this conduct by Defendants was discovered by Plaintiff in mid-2023, Plaintiff

---

[1] Defendants sell the Accused Product under the RISQUE brand. Upon information and belief, other of Defendants' RISQUE-branded products, other than the Accused Product, are presently offered for sale by Defendants at the Macy's e-commerce website (https://www.macys.com/shop/featured/risque), but the Accused Product is not listed on this website as of the date of this Complaint.

reasonably believed that Defendants' previous infringement of the '529 Patent had ceased.

34. After inspecting Defendants' newly-sold Accused Product, Plaintiff has determined that Defendants' Accused Product infringes the claim of the '529 Patent, as set forth below in the claim chart comparing each of the figures of the '529 Patent to the corresponding view of the Accused Product:

| U.S. Patent No. D894,529 | Accused Product: "Risqué Cover" |
|---|---|
| FIG. 1 | |
| FIG. 2 | |

| U.S. Patent No. D894,529 | Accused Product: "Risqué Cover" |
|---|---|
| FIG. 3 | |





35. Defendants have purposefully advertised, marketed, promoted, exposed for sale, offered for sale, sold, distributed, manufactured, and/or imported, and intend to continue to advertise, market, promote, offer for sale, expose for sale, sell, distribute, manufacture, and/or import products to directly compete with Plaintiff that violate Plaintiff's rights, including Plaintiff's patent rights. Defendants' infringement is causing irreparable harm to Plaintiff, thereby forcing Plaintiff to bring this lawsuit to protect its intellectual property.

36. Defendants' infringing products include at least the Risqué Cover, an exemplary figure of which is shown below.



37.     Defendants' conduct as described herein, in promoting, advertising, exposing for sale, offering for sale, and selling the Accused Product, has deceived consumers and Plaintiff's prospective customers into buying the Accused Product instead of Plaintiff's Nōshō Below® product.

38.     Defendants' conduct as described herein, in promoting, advertising, exposing for sale, offering for sale, and selling the Accused Product, has caused Plaintiff to lose sales revenue, repeat, return and referral customers, and has damaged Plaintiff and Plaintiff's business.

## **COUNT I – INFRINGEMENT OF THE '529 PATENT**

39.     Plaintiff repeats and incorporates by reference the allegations contained in the foregoing paragraphs, as if stated fully herein.

40.     Plaintiff is the owner of the '529 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '529 Patent against infringers, and to collect damages for all relevant times.

41.     Defendants have, either alone or in concert, directly infringed and continue to infringe the '529 Patent by making, using, importing, supplying, distributing, exposing for sale, selling and/or offering for sale within the United States products that copy the ornamental design covered by the '529 Patent, namely the Risqué Cover, in violation of 35 U.S.C. §§ 271(a) and 289.

42. In the alternative, upon information and belief, Defendants are actively, intentionally, and/or knowingly inducing the infringement of the '529 Patent by facilitating, encouraging, and promoting the use and exposure for sale by others of products that infringe the '529 Patent, including but not limited to the Accused Product, in violation of 35 U.S.C. § 271(b).

43. As evidenced in the claim chart above, the design of the Risqué Cover is substantially the same as the design of the '529 Patent. As set forth in the comparison above, the design of the Accused Product is so similar to the design claimed in the '529 Patent as to be nearly identical. The substantial similarity between the Accused Product and the design claimed in the '529 Patent, including as set forth in paragraph 34, is such that an ordinary observer, giving such attention as a purchaser usually gives, would be so deceived by the substantial similarity between the designs so as to be induced to purchase the Risqué Cover believing it to be substantially the same as the design protected by the '529 Patent.

44. Upon information and belief, Defendants have made and continue to make unlawful gains and profits from their infringement of the '529 Patent.

45. At least as early as May 2022, Defendants have been on notice and have had actual knowledge of the '529 Patent and of Plaintiff's allegations of infringement. Defendants' infringement of the '529 Patent has been willful and deliberate at least since this date.

46. Defendants have further had constructive knowledge of the '529 Patent pursuant to 35 U.S.C. 287 since September 1, 2020 as a result of Plaintiff's marking of its products in accordance with the Patent Laws. Alternatively, Defendants' infringement of the '529 Patent has been willful and deliberate at least since the date of this complaint.

47. Plaintiff has been damaged and irreparably harmed by Defendants' infringement of the '529 Patent for which Plaintiff is entitled to relief under 35 U.S.C. § 284. Plaintiff will continue to suffer damages and irreparable harm unless Defendants are enjoined preliminarily and permanently by this Court from continuing their infringement.

## ATTORNEYS' FEES

48. Pursuant to 35 U.S.C. § 285, Plaintiff seeks reasonable attorneys' fees in this case.

## JURY DEMAND

49. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury of any issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully seeks the following relief:

A. that Defendants be declared to have directly infringed the claim of the '529 Patent under 35 U.S.C. §§ 271(a) and 289, or alternatively have indirectly infringed the claim of the '529 Patent under 35 USC § 271(b);

B. that the making, using, offering to sell, exposing for sale, and/or selling within the United States, and/or importation into the United States of the Accused Product will constitute an infringement of the '529 Patent;

C. that the Court issue preliminary and permanent injunctive relief pursuant to 35 U.S.C. § 283 against the continuing infringement of the claim of the '529 Patent by Defendants, their officers, agents, employees, attorneys, representatives, and all others acting in concert therewith;

D. that the Court order an accounting for all monies received by or on behalf of Defendants and all damages sustained by Plaintiff as a result of Defendants' aforementioned infringements, that such monies and damages be awarded to Plaintiff, and that interest and costs be assessed against Defendants pursuant to 35 U.S.C. § 284 and 35 U.S.C. § 154(d);

E. that the Court declare that Defendants' infringement was and is willful from the time Defendants became aware of Plaintiff's rights in the '529 Patent and the infringing nature of Defendants' product, and award treble damages for the period of such willful infringement of the '529 Patent, pursuant to 35 U.S.C. § 284;

F. that the Court declare this an exceptional case and order that Defendants pay to Plaintiff its reasonable attorneys' fees and costs, pursuant to 35 U.S.C. § 285 and 15 U.S.C. § 1117; and

G.  that the Court award such further and other relief to Plaintiff as the Court deems just, together with its costs and disbursements in this action.

Dated: February 6, 2024                              Respectfully submitted,

**WOMBLE BOND DICKINSON (US) LLP**

/s/ *Jonathon A. Fligg*
Jonathon A. Fligg
Florida Bar No. 0088199
271 17th Street NW, Suite 2400
Atlanta, GA 30363
Telephone: (404) 962-7541
E-Mail: Jon.Fligg@wbd-us.com

Christine H. Dupriest *(pro hac vice* to be filed)
Georgia Bar No. 474494
271 17th Street NW, Suite 2400
Atlanta, GA 30363
Telephone: (404) 962-7538
E-Mail: Christine.Dupriest@wbd-us.com

Julie C. Giardina (*pro hac vice* to be filed)
Maryland Federal Bar No. 21085
100 Light St, 26th Floor
Baltimore, MD 21202
Telephone: (410) 545-5802
E-Mail: Julie.Giardina@wbd-us.com

*Attorneys for Plaintiff Coanhe, Ltd.*